UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-11-DCR-3 |
| | ) | |
| V. | ) | |
| | ) | |
| ELMER PRATER, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**** **** **** ****

Defendant Elmer Prater has submitted a *pro se* letter, construed as a motion, that affirmatively requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) or home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (March 27, 2020). Additionally, he appears to request appointment of counsel. Prater argues that relief is warranted because he has high blood pressure and is at risk of contracting COVID-19 at his place of incarceration, FCI Gilmer. The Court will deny all requests.

Prater has failed to allege or demonstrate that he has exhausted his administrative remedies prior to filing his request for compassionate release. The Court may only consider a defendant's *pro se* motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "This statutory

requirement is unequivocally mandatory, and '[m]andatory exhaustion regimes[ ] foreclose judicial discretion.'" *United States v. Blankenship*, Criminal Action No. 7:15-cr-011-DCR-1, 2020 WL 2309245, at *1 (E.D. Ky. May 8, 2020) (quoting *United States v. Cornett*, No. 7: 10-2-KKC, 2020 WL 1912211, at *2 (E.D. Ky. Apr. 20, 2020)). Further, this Court has consistently upheld the administrative exhaustion requirement found in § 3582(c)(1)(A) despite the circumstances of the COVID-19 outbreak. *See*, *e.g.*, *Blankenship*, 2020 WL 2309245, at *1; *United States v. Girod*, Criminal Action No. 5: 15-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020); *United States v. Washington*, Criminal Action No. 5: 13-020-DCR, 2020 WL 1873550, at *1 (E.D. Ky. Apr. 14, 2020). Prater has not alleged or demonstrated that he has presented his request for compassionate release to the warden of FCI Gilmer, and the request therefore fails on exhaustion grounds.

Additionally, the Court will deny this request because Prater's bases for relief are not "extraordinary and compelling reasons" for the purposes of a sentence reduction or compassionate release under § 3582(c)(1)(A)(1). Title 28 of the United States Code, section 994(t), states that the United States Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Sentencing Commission has accordingly provided four narrow categories of extraordinary and compelling grounds for compassionate release: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons ... [a]s determined by the Director

of the Bureau of Prisons." United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 n. 1.

Although Prater cites high blood pressure and COVID-19 concerns as justifications for relief, these grounds do not meet the criteria of "medical condition of the defendant" or any of the other three categories that constitute extraordinary and compelling reasons under U.S.S.G. § 1B1.13 n. 1.[1] Therefore, his request for compassionate release will be denied.

Further, the Court will not grant Prater's home confinement request. "[T]he CARES Act and the statute that generally provides for prerelease home confinement, 18 U.S.C. § 3624(c)(2), do not authorize district courts to grant such relief. The Bureau of Prisons holds the sole authority to grant home confinement requests." *Blankenship*, 2020 WL 2309245, at *2 (citing *United States v. McCann*, No. 5: 13-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky.

---

[1] Extraordinary and compelling reasons for compassionate release based on the "medical condition of the defendant" include circumstances where:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n. 1(A).

Apr. 17, 2020)).  Therefore, the Court will deny the motion insofar as it seeks CARES Act home confinement relief.

Finally, the Court declines to appoint counsel.  "There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582." *United States v. Walker*, No. 6: 06-111-DCR, 2019 WL 3240020, at *4 (E.D. Ky. July 18, 2019) (citing *United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)).  The Court maintains the discretion to determine whether appointment of counsel is warranted. *Id.*  Here, appointment of counsel for the purposes of Prater's § 3582(c)(1)(A)(i) request is not necessary because he cannot obtain relief on the grounds stated in his letter.  Further, appointment of counsel for the proceeding as it relates to the CARES Act is unwarranted because the Court does not have the power to authorize home confinement.

Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Elmer Prater's letter, construed as a motion, requesting compassionate release or home confinement as well as appointment of counsel is **DENIED**.

2. The Clerk of Court is directed to file a copy of Prater's correspondence in the record.

Dated:  May 22, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky